## Crane v. Presbytery of Lackawanna.

*Workmen's compensation — Course of employment — Employee injured while walking towards home.*

1. Where an assistant to a pastor of a church is bidden by the pastor at the close of service to remain for a discussion of church matters, and the two, during such discussion, walk toward the home of the assistant, and on the way the assistant falls on the pavement and is injured, compensation is properly due such claimant, and an appeal from the Compensation Board refusing compensation was sustained.

2. The fact that the assistant was told by her superior to remain, and that she did thus remain, and that the conversation on church matters was started, continuing to the moment of the accident, indicates that she was at the time of injury engaged in the duties of her employment, and that she was furthering the business of her employer.

Appeal from decision of the Workmen's Compensation Board. C. P. Luzerne Co., Oct. T., 1921, No. 809.

*James H. Torrey*, for plaintiff; *Neil Chrisman*, for defendant.

WOODWARD, J.—The plaintiff in this case was employed by the defendant, the Presbytery of Lackawanna, as an assistant to Rev. Frank Cherubini, a minister of the Italian Presbyterian Church in Pittston, Luzerne County.

On Sunday, Dec. 12, 1920, about 5 o'clock in the afternoon, at the close of the Sunday school service held in the church on Parsonage Street, in Pittston, the claimant was about to leave for her home when she was requested by Mr. Cherubini to wait for him, as he wanted to speak to her concerning their joint work. She waited for him about five minutes, and as they were walking towards her home, at a point about 100 yards from the church and not on the church property, the claimant slipped, fell upon the sidewalk and sustained the injury for which she claims compensation.

A hearing was held before the referee, who found in her favor. An appeal was taken to the Compensation Board, and in an opinion filed Aug. 24, 1921, the award of the referee was reversed and compensation was disallowed on the ground that the claimant was not in the course of her employment at the time of the accident. The claimant appealed to the Court of Common Pleas of Luzerne County, and before the case was argued she petitioned the board to withdraw the record from the Common Pleas Court and to grant a rehearing. The board made an order to this effect, and additional testimony was heard by the referee, which is now a part of the record, and, after reargument, the board affirmed its former ruling and disallowed the claim.

The opinion of the board, by Houck, Commissioner, states: "As we view this testimony, it simply shows that the claimant and Mr. Cherubini, as was natural, discussed the work in which they were engaged while on their way home. We do not think that it proves that the claimant was in the course of her employment. If it did, all that a claimant, on his way home to lunch, would have to show in order to bring himself within the Compensation Act would be that he was discussing his work with another employee. In other words, the claimant was not actually furthering the business or affairs of her employer. She was simply talking about her duties in general, as two persons working for the same employer and on their way home together would naturally do. We are still of the opinion that the claimant was not in the course of her employment when she was injured." The final conclusion of law is: "That since the claimant was not injured by accident while in the course of her employment, she is not entitled to compensation. Compensation is, accordingly, disallowed."

3 D. & C.

Crane *v.* Presbytery of Lackawanna.

The issue before the court on this appeal is one of law. The facts are undisputed. The question is whether the claimant, being an assistant of Mr. Cherubini, and subject to his orders, was in the course of her employment when she was injured.

She had finished her work at the Sunday school, and was about to start home, when she was requested by her superior to wait for him, as he wanted to talk over matters connected with their employment. The request, coming from her superior, was equivalent to a command, which she obeyed and waited for Mr. Cherubini, and was engaged in talking about matters connected with their employment when she fell and was injured.

It may be that if she had gone directly to her home after her work was over at the Sunday school, instead of waiting for him, and her attention had not been diverted by any conversation about matters connected with their joint employment, the accident would not have happened.

The subject they were discussing was in the line of her employment, and she was discussing it with her superior under his orders, although not on the premises of the defendant.

Article III, § 301, of the Act of June 2, 1915, P. L. 736, provides: "The term 'injury by an accident in the course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment, but shall include all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, etc."

It seems to us that the claimant in this case was actually engaged in the furtherance of the business or affairs of her employer when she sustained her injury. It is possible that her falling may have been due to the fact that her attention was fixed upon her conversation with her superior and diverted from her steps, and that this might have contributed to the accident.

We cannot agree with the opinion of the commissioner where he says: "We do not think it proves that the claimant was in the course of her employment. If it did, all that a claimant, on his way to lunch, would have to show in order to bring himself within the Compensation Act would be that he was discussing his work with another employee."

This is not strictly in accordance with the facts of this case, because the claimant was discussing the affairs of her employer, not with "another employee," but with her superior officer, whose commands she was bound to obey and which she was obeying when she was injured.

The opinion of the commissioner goes on to say: "In other words, the claimant was not actually furthering the business or affairs of her employer. She was simply talking about her duties in general, as two persons working for the same employer and on their way home together would naturally do."

How can the commissioner say that their talk was not furthering the business or affairs of her employer? She was not simply talking about her duties in general, but was discussing specific matters, to wit, the preparations for the Christmas entertainment, with her superior officer and under his order.

We cannot agree with the board's conclusion of law that the claimant was not injured by accident while in the course of her employment.

The claimant's counsel in his brief says: "At the final taking of the testimony by Referee Lewis, counsel for the claimant stated that he was informed that during the pendency of the proceedings the claimant had recovered from her injury so far as to be able to return to her employment, and agreed that

Crane v. Presbytery of Lackawanna.

he would furnish the data of such return. We are now able to state as an admission that the date of such return and the consequent ending of obligations to compensation was June 1, 1921. As the accident occurred on Dec. 12, 1920, and compensation would, therefore, begin on Dec. 26, 1920, our claim is reduced to twenty-three weeks, and it may be stated as follows, based upon the findings of Referee Lewis in his original award:

"Compensation, twenty-three weeks, at $10.38.............. $238.74
Bill for hospital expenses............................... 100.00
Bill for medical and surgical service and supplies......... 61.00

Total........................................., $399.74

"This admission as to limitation of claim was submitted in claimant's brief to the board upon reargument, and is now again admitted and will be reduced to any form of stipulation deemed necessary."

Finding of the Compensation Board is reversed, and judgment is directed to be entered for the claimant for $399.74, with interest.

From F. P. Slattery, Wilkes-Barre, Pa.